

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DENNIS BAADSGAARD and SHELLY BAADSGAARD, <br><br> Plaintiffs, <br><br> vs. <br><br> SAFECO INSURANCE COMPANY OF ILLINOIS, a Liberty Mutual Company, <br><br> Defendant. | CV 19-75-GF-BMM-JTJ <br><br> **ORDER** |

## INTRODUCTION

Defendant Safeco Insurance Company of Illinois (Safeco) has filed a motion for a protective order staying further discovery in this case pending resolution of its motion for summary judgment. The motion for a protective order was referred to the undersigned under 28 U.S.C. § 636(b)(1)(A). The motion has been fully briefed. The Court conducted a hearing on the motion on August 12, 2020. The Court is prepared to rule.

## BACKGROUND

This case arises from a dog attack that occurred on October 1, 2018, in the Glasgow City Park in Glasgow, Montana. While Plaintiff Dennis Baadsgaard (Dennis) was walking his dog in the park, a dog owned by Trinton Gamas

(Gamas) jumped out of Gamas's parked pick-up truck an attacked Dennis's dog. Dennis attempted to break up the dog attack. Dennis suffered injuries as a result of the dog attack.

Safeco insured Gamas under an automobile liability policy, Policy No. M1529359. (Doc. 23-4). Part A of the Safeco policy described the policy's liability coverage. (Doc. 23-4 at 33). The auto policy stated that Safeco would pay damages for bodily injury for which any insured became "legally responsible because of an auto accident." *Id.*

Plaintiffs, through counsel, made a claim against Gamas for the injuries that Dennis suffered as a result of the dog attack. Safeco provided Plaintiffs with a copy of the auto policy issued to Gamas. (See Doc. 23-5). Safeco investigated Plaintiffs' claim. Safeco obtained a legal coverage opinion. (See Doc. 23-7). Safeco determined that no coverage existed under the auto policy because the injuries that Dennis had incurred were not "due to an auto accident." (Doc. 23-7).

Safeco informed Plaintiffs of its coverage decision, through their attorney, on March 4, 2019. (Doc. 23-7). Safeco informed Gamas of its coverage decision, though his attorney Peter Helland, on March 5, 2019. (Doc. 23-8 at 2).

Part E of the Safeco policy set forth the duties of an insured after an accident or loss. (Doc. 23-4 at 45). Part E required Gamas, as an insured, to

"[p]romptly send [Safeco] copies of any notices or legal papers received" in connection with Plaintiffs' claim. *Id.* Safeco, in its March 5, 2019 letter to Gamas's attorney, reminded Gamas, three times, that he had a duty to provide Safeco with a copy of any lawsuit filed by the Plaintiffs related to the dog attack. (Doc. 23-8 at 2-3).

Plaintiffs filed a complaint against Gamas in the Montana Seventeenth Judicial District Court, Valley County on July 15, 2019. (Doc. 1-1). Gamas, through his attorney, signed an Acknowledgment and Waiver of Service of a Summons on August 23, 2019. (Doc. 1-2 at 3-4).

Gamas and the Plaintiffs settled the state court lawsuit on August 23, 2019. (Doc. 23 at 7; Doc. 38 at 11). As part of the settlement, Gamas executed a Settlement Agreement (Doc. 1-3), a Consent to Entry of Judgment in favor of the Plaintiffs in the amount of $475,000 (Doc. 1-4), and an Assignment in favor of the Plaintiffs. (Doc. 1-6). The Assignment assigned to Plaintiffs all of Gamas's rights against Safeco as a first-party insured. *Id.* Plaintiffs filed the Consent to Entry of Judgment on August 26, 2019. (Doc. 1-4). Neither Gamas nor Plaintiffs provided Safeco with notice of the state court complaint before they had settled the state court lawsuit on August 23, 2019. (Doc. 23 at 7; Doc. 23-2 at 6).

Plaintiffs filed the present action against Safeco on November 13, 2019. (Doc. 1). Plaintiffs served Safeco with process on November 18, 2019. (Doc. 23 at 7). The first time that Safeco became aware of Plaintiffs' state court complaint and the settlement documents that had been executed on August 23, 2019, was on November 18, 2019, when Plaintiffs served Safeco with process in this case. (Doc. 23 at 7; Doc. 23-2 at 6).

Plaintiffs' Complaint in this action asserts multiple claims against Safeco under Montana's Unfair Trade Practices Act (UTPA) Mont. Code Ann. §§ 33-18-201 *et seq.* as well as a claim for negligent infliction of emotional distress. All of the claims are premised on Safeco's refusal to defend and indemnify Gamas with regard to the dog attack.

Safeco filed the present motion for a protective order on June 11, 2020. Safeco seeks an order staying all further discovery in this case until Chief United States District Judge Brian Morris rules on its motion for summary judgment. Safeco argues that this Court should stay further discovery because the motion for summary judgment will be dispositive of the entire case, and Judge Morris can decide the motion for summary judgment without any additional discovery.

## DISCUSSION

A court may issue a protective order that stays discovery pending resolution of a potentially dispositive motion upon a showing of "good cause." Fed. R. Civ. P. 26(c)(1); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming a district court's grant of a protective order staying discovery pending resolution of a motion to dismiss under Rule 12(b)(6)).

The Ninth Circuit Court of Appeals has not yet announced a clear standard for evaluating when good cause exists to stay discovery in the face of a pending dispositive motion. *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb 7, 2011). District courts in this Circuit have held that good cause may exist if the following three requirements are satisfied:

1. The pending dispositive motion must be potentially dispositive of the entire case;

2. The court must either be "convinced" that the dispositive motion will be granted, or the court must find that a "clear possibility" exists that the dispositive motion will be granted; and

3. The court must be able to resolve the dispositive motion without any additional discovery.

See *Mlejnecky*, 2011 WL 489743, at *6-8 (citing cases).

The district courts in this Circuit that have applied this test, do not agree on the precise standard to be applied under the second prong of the test. Some

courts require a showing that a "clear possibility" exists that the dispositive motion will be granted. See e.g. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000). Other courts have held that a court must be "convinced" that the dispositive motion will be granted. See *Seven Springs Limited Partnership v. Fox Capital Management Corp.*, 2007 WL 1146607, at *1 (E.D. Cal. Apr. 18, 2007) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).

Plaintiffs, here, argue that the Court may stay discover only if it "convinced" that Safeco's motion for summary judgment will be granted. Safeco disagrees. The Court, however, need not resolve the parties conflict over the applicable standard. As discussed below, the Court has concluded that a stay of discovery is appropriate even if the standard advocated by Plaintiffs is applied.

## A. Application of the Three-Part Test to Safeco's Motion for Summary Judgment

The first prong of the three-part test is clearly satisfied in this case. Safeco's motion for summary judgment challenges all of Plaintiffs' claims. (Doc. 22 at 7-28). If the motion is granted, the entire case will be dismissed.

With respect to the second prong, the Court is convinced that Safeco will prevail on its motion for summary judgment. All of Plaintiffs' claims against

Safeco are premised upon a finding that Safeco's auto policy provided coverage for the injuries that Dennis suffered in the dog attack. Plaintiffs' claims fail as a matter of law if Dennis's injuries are not covered under Safeco's auto policy. See *Truck Ins. Exchange v. O'Mailia*, 343 P.3d 1183, 1188 (Mont. 2015) (affirming dismissal of the breach of contract and bad faith claims based on a finding that no coverage existed under the insurance policy); *Truck Ins. Exchange v. Waller*, 828 P.2d 1384, 1388 (Mont. 1992) (holding that plaintiff's claims of bad faith fail as a matter of law because no coverage existed under the insurance policy).

Safeco argues, in its motion for summary judgment, that the auto policy issued to Gamas does not provide coverage for Dennis's injuries for two independent reasons:

1. The injuries that Dennis suffered did not result from an "auto accident;" and

2. Even if Dennis's injuries did result from an auto accident, the injuries are not covered under Safeco's auto policy because Gamas breached his duty to provide Safeco with notice of Plaintiffs' state court complaint.

(Doc. 22 at 7-28).

Although it unclear whether Safeco will prevail on its first argument,[1] the Court is convinced that Safeco will prevail on its argument regarding lack of notice.

Part E of the Safeco auto policy specifically provides that:

" A person seeking any coverage must:

* * *

2. Promptly send [Safeco] copies of any notices or legal papers received in connection with the accident or loss."

(Doc. 23-4 at 45). This notice is simple, clear, unambiguous and easy to understand. It required Gamas to notify Safeco "promptly" if Plaintiffs brought a lawsuit against him based on the dog attack. Part F of the Safeco policy provides that no legal action may be brought against Safeco "until there has been full compliance with all the terms of [the] policy." (Doc. 23-4 at 47).

It is undisputed that Gamas did not comply with the notice provision in the Safeco policy. Gamas did not provide Safeco with notice of Plaintiff's state court complaint before he had filed the Consent to Entry of Judgment in favor of the

---

[1] Montana law requires that every motor vehicle liability policy must provide liability coverage for damages "arising out of the . . . use of the motor vehicle." Mont Code Ann. § 61-6-103(1)(b). Courts have held that dog attacks arise out of the use of a vehicle where the offending dog was being transported by the vehicle. See, e.g., *Diehl v. Cumberland Mutual Fire Ins. Co.*, 296 N.J. Super. 231, 686 A.2d 785, 788 (1997).

Plaintiffs on August 26, 2019. (Doc. 23-2 at 6). The first time that Safeco became aware of Plaintiffs' state court complaint was on November 18, 2019, when Plaintiffs served Safeco with process in this case. *Id.*

Montana applies the notice-prejudice rule to determine whether an insured's failure to comply with the notice provision in a liability policy excludes coverage under a liability policy. *Atlantic Casualty Ins. Co. v. Greytak*, 350 P.3d 63, 67 (Mont. 2015). The notice-prejudice rule provides that if the liability insurer suffers no prejudice as a result of the insured's failure to provide timely notice, the insurer's obligation to indemnify the insured remains intact. *Id.* (citing *Steadele v. Colony Ins. Co.*, 260 P.3d 145 (Mont. 2011)). However, if the insurer has suffered prejudice as a result of the insured's failure to provide timely notice, the insurer has no obligation to indemnify the insured. *Id.* The purpose of the rule is to safeguard the insured from termination of coverage based on a "technical violation" of the policy's notice provision when the violation "is of no prejudicial consequence to the insurer." *Id.*

Numerous courts, including the Montana Supreme Court, have held that an insurer suffers significant prejudice and has no obligation to indemnify an insured, if the insured fails to provide the liability insurer with notice of the lawsuit against him before judgment is entered. See, e.g., *Steadele*, 260 P.3d at 151;

*Contractors Bonding and Insurance Co. v. Sandrock*, 321 F. Supp. 3d 1205, 1211-1212 (D. Mont. 2018); *Allstate Ins. Co. v. Occidental International, Inc.*, 140 F.3d 1, 5-6 (1st Cir. 1998); *Champion v. Southern General Ins. Co.*, 198 Ga.App. 129, 401 S.E. 2d 36, 38-39 (1990); *Allstate Ins. Co. v. Kepchar*, 592 N.E. 2d 694, 699-700 (Ind. Ct. App. 1992); *Prince George's County v. Local Govt. Ins. Trust*, 388 Md. 162, 879 A.2d 81, 100 (Md. Ct. Spec. App. 2005); *Lusalon, Inc. v. Hartford Accident & Indem. Co.*, 23 Mass. App. Ct. 903, 498 N.E. 2d 1373, 1375 (1986).

Similarly, numerous courts have held that an insurer suffers significant prejudice and has no obligation to indemnify an insured, if the insured fails to provide the liability insurer with notice of the lawsuit against him before the lawsuit has been settled. See *Greytak*, 350 P.3d at 69 (McKinnon, J. concurring); *Hooper v. Zurich American Ins. Co.*, 552 N.W. 2d 31, 36-37 (Minn. Ct. App. 1996); *Metal Bank of America, Inc. v. Ins. Co. of North America*, 520 A.2d 493, 498 (Pa. Super. Ct. 1987); *Northwest Prosthetic & Orthotic Clinic, Inc. v. Centennial Ins. Co.*, 997 P.2d 972, 973 (Wash. Ct. App. 2000).

Here, Safeco did not receive notice of Plaintiffs' state court lawsuit until after a settlement had been reached and a consent judgment had been entered in favor of the Plaintiffs. Safeco suffered prejudice. Safeco was deprived of the ability "to appoint counsel, to engage in discovery, to negotiate a settlement, and

to develop a trial strategy." *Steadele*, 260 P.3d at 151; *Sandrock*, 321 F. Supp. 3d at 1212. Safeco was also deprived of the opportunity to defend Gamas under a reservation of rights and file a declaratory judgment action to discern whether coverage existed under the auto policy it had issued to Gamas, based on the allegations in Plaintiffs' state court complaint. See *State Farm Mut. Auto Ins. Co. v. Freyer*, 312 P.3d 403, 415 (Mont. 2013).

Plaintiffs argue that Gamas's failure to provide timely notice of Plaintiffs' state court complaint did not result in any prejudice to Safeco. (Doc. 30 at 12-13). Plaintiffs argue that Safeco suffered no prejudice because Safeco was aware of the underlying claim made by the Plaintiffs shortly after the dog attack, Safeco investigated the claim, Safeco determined, based on its investigation, that no coverage existed under its auto policy, and no evidence exists that Safeco would have changed its decision to deny coverage if Gamas had provided timely notice of the state court complaint as required under the Safeco policy. *Id.*

Plaintiffs argument is not persuasive. In Montana, an insurer must look to the allegations in the complaint to determine whether coverage exists under a liability policy. See *Graber v. State Farm Fire and Casualty Co.*, 797 P.2d 214, 217 (Mont. 1990). Safeco's ability to review Plaintiffs' state court complaint to

determine whether coverage existed for the dog attack was prejudiced when Gamas failed to inform Safeco that Plaintiffs had filed a complaint against him.

The third prong of the three-part test is also satisfied. Judge Morris can decide Safeco's motion for summary judgment without any additional discovery. No additional discovery is needed to determine that Gamas failed to provide Safeco with timely notice of Plaintiffs' state court complaint. That fact is undisputed. Similarly, no additional discovery is needed to determine that Safeco suffered prejudice as a result of Gamas's failure to provide Safeco with timely notice of Plaintiffs' state court complaint. Prejudice occurs when an insured executes a consent to entry of judgment without notifying the insurer that a lawsuit has been brought against him. See *Steadele*, 260 P.3d at 151; *Sandrock*, 321 F. Supp. 3d at 1212.

Accordingly, IT IS HEREBY ORDERED:

1. Defendant's Motion for a Protective Order (Doc. 25) is GRANTED.

2. All further discovery in this case is STAYED pending resolution of Defendant's Motion for Summary Judgment.

DATED this 21st day of September, 2020.

John Johnston
United States Magistrate Judge