## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

|  |  |
|---|---|
| DENNIS BAADSGAARD and SHELLY BAADSGAARD,<br><br>                    Plaintiffs,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, a Liberty Mutual Company,<br><br>                    Defendant. | **CV-19-75-GF-BMM**<br><br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Dennis Baadsgaard ("Baadsgaard") filed a Complaint against Defendant Safeco Insurance Company of Illinois ("Safeco"), alleging claims under Montana's Unfair Trade Practices Act and tort law.  Doc. 1.  Safeco filed a Motion for Summary Judgment on June 9, 2020.  Doc. 21.  Baadsgaard filed a Cross-Motion for Partial Summary Judgment on November 11, 2010.  Doc. 57.

## BACKGROUND

This case arises from a dog attack that occurred on October 1, 2018, in Glasgow, Montana.  Doc. 1 at 2.  While Baadsgaard was walking his dog, another dog owned by Trinton Gamas ("Gamas") jumped out of Gamas's parked pick-up

truck and attacked Baadsgaard's dog. *Id.* Baadsgaard suffered injuries when he attempted to break up the dog attack. *Id*.

Safeco insured Gamas under an automobile insurance policy. *Id*. at 5. The automobile insurance policy stated that Safeco would pay damages for bodily injury resulting from an automobile accident for which Gamas became legally responsible. Doc. 23-4 at 33. Baadsgaard made a claim against Gamas for the injuries Baadsgaard suffered during the dog attack. Doc. 1 at 4. Baadsgaard demanded that Gamas seek coverage for the claim under Gamas's automobile insurance policy. *Id*. Safeco investigated Baadsgaard's claim and determined that Gamas's automobile insurance policy did not cover the incident because Baadsgaard's injuries were not the result of an automobile accident. *Id*. Safeco informed Baadsgaard and Gamas of its coverage decision in March 2019. Doc. 23-7. Safeco repeatedly reminded Gamas that his automobile insurance policy required him to "[p]romptly send [Safeco] copies of any notices or legal papers" received in connection with Baadsgaard's claim. Doc. 23-4 at 45.

Baadsgaard filed a complaint against Gamas in Montana's Seventeenth Judicial District Court, Valley County, Montana, on July 15, 2019. Doc. 1-1. Gamas waived service and settled with Baadsgaard on August 23, 2019. Doc. 1-2 at 3−4. Gamas consented to the entry of a judgment in favor of Baadsgaard in the amount of $475,000.00. Doc. 1-4. Gamas assigned to Baadsgaard all of his rights against

Safeco as the insured party.  *Id*.  Baadsgaard, in turn, signed a covenant not to execute agreement with Gamas.  Doc. 1-5.  At no point did Gamas, Baadsgaard, or their respective counsel notify Safeco of Baadsgaard's filing of the state court complaint, the settlement agreement, or the entry of judgment.  Doc. 23 at 7.  Safeco first learned of Baadsgaard's state court compliant months later when Baadsgaard served Safeco with the summons and the complaint in the present federal action.  *Id*.

Baadsgaard filed the present complaint against Safeco in federal court on November 13, 2019, alleging claims under Montana's Unfair Trade Practices Act and tort law.  Doc. 1.  Baadsgaard premises all of the claims on Safeco's refusal to defend and indemnify Gamas against Baadsgaard's state court complaint.  *Id*.  Safeco filed a Motion for Summary Judgment on June 9, 2020.  Doc. 21.  Baadsgaard filed a Cross-Motion for Summary Judgment on November 11, 2010.  Doc. 57.

**LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

3

**ANALYSIS**

Safeco argues that summary judgment proves appropriate because Baadsgaard's claims fail as a matter of law.  Doc. 22 at 7−28.  Baadsgaard premises his claims on Safeco's refusal to defend or indemnify Gamas against Baadsgaard's state court complaint.  Safeco asserts that it had no duty to defend or indemnify Gamas because Gamas's automobile insurance policy did not cover the incident in which Baadsgaard suffered injuries.  *Id*.  Safeco argues that Gamas's automobile insurance policy did not cover the incident for two independent reasons: (1) Baadsgaard's injuries were not the result of an automobile accident; and, (2) Gamas violated the notice provision of his automobile insurance policy by failing to notify Safeco of Baadsgaard's state court complaint.  *Id*.  The Court need not dive into Safeco's first argument because Safeco's second argument proves sufficient to grant Safeco's Motion for Summary Judgment.

An insured's duty to defend and indemnify its insured arises when a complaint against an insured alleges facts, which if proven, would result in coverage under the insured's liability insurance policy.  *St. Paul Fire & Marine Ins. Co. v. Thompson*, 433 P.2d 795, 799 (Mont. 1967).  A notice provision in a liability insurance policy constitutes a condition precedent, and failure to comply with a notice provision can bar coverage and excuse an insurer's duty to defend and indemnify its insured.  *See generally Steadele v. Colony Ins. Co.*, 260 P.3d 145, 151 (Mont. 2011).  Safeco did

4

not have a duty to defend and indemnify Gamas because Gamas violated the notice provision of his automobile insurance policy when he failed to notify Safeco of Baadsgaard's filing of his state court complaint.  *Id*.  Because Safeco did not have a duty to defend Gamas, Baadsgaard's claims fail as a matter of law.  *Id*.

### GAMAS'S VIOLATION OF THE NOTICE PROVISION.

Part E of Gamas's automobile insurance policy requires that Gamas "[p]romptly send [Safeco] copies of any notices or legal papers received" relating to Baadsgaard's insurance claim.  Doc. 23-4 at 45.  Part F of Gamas's automobile insurance policy provides that no legal action may be brought against Safeco "until there has been full compliance with all terms of [the] policy."  *Id*. at 47.  These provisions prove unambiguous and easy to understand.  Safeco repeatedly reminded Gamas of his obligation to provide Safeco with any notices or legal papers he might receive related to Baadsgaard's insurance claim.  *Id*. at 45.  Gamas nonetheless failed to notify Safeco of Baadsgaard's filing of his state law complaint, the stipulated settlement, or the entry of judgment in Baadsgaard's favor.  Doc. 23 at 7.  Such a failure to notify Safeco constitutes a clear violation of the notice provision in Gamas's automobile insurance policy.  *See* Doc. 23-4 at 45.

### THE NOTICE-PREJUDICE RULE

Not every violation of a notice provision excuses an insurer of its duty to defend and indemnify its insured.  *See Sorensen v. Farmers Ins. Exch.*, 927 P.3d

5

1002 (Mont. 1996).  Montana courts apply the notice-prejudice rule to determine whether an insured's violation of a notice provision excuses the insurer of its duty to defend and indemnify its insured.  *Atlantic Casualty Ins. Co. v. Greytak*, 350 P.3d 63, 67 (Mont. 2015).  The notice-prejudice rule provides that the insurer's duty to defend and indemnify the insured remains intact if the insured's violation of a notice provision does not cause the insurer to suffer prejudice.  *Id*.  This rule seeks to safeguard the insured from losing insurance coverage based solely on a technical or *de minimis* violation when such a violation does not cause the insurer to suffer prejudice.  *Id*.  The Montana Supreme Court acknowledged that "denying coverage because of an action that can have no material effect on the insurer does not further the purpose of having insurance."  *Sorenson*, 927 P.2d at 1004.

The Montana Supreme Court identified factors for courts to consider when determining whether the insured's violation of a notice provision caused the insured to suffer prejudice.  *Steadele*, 260 P.3d at 151.  Those factors include whether the insurer lost the opportunity to investigate, locate witnesses, appoint counsel, engage in discovery, negotiate a settlement, and develop a trial strategy.  *Id*.  Courts also must consider whether the insurer lost the opportunity to file a declaratory judgment action. *See Tidyman's Management Service Inc*., 330 P.3d 1139, 1149 (Mont. 2014).  The Montana Supreme Court has been very clear.  When an insurer believes that a liability insurance policy does not cover a particular incident, the prudent course of

6

action for the insurer would be to defend the insured under a reservation of rights and file a declaratory judgment action to ask a court to discern independently whether the liability insurance policy covers the particular incident. *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Freyer*, 312 P.3d 403 (Mont. 2013)).

This course of action proves prudent because Montana law strongly discourages an insurer from abandoning its insured during legal proceedings. An insurer who unjustifiably abandons its insured exposes itself to great risks. *See Independent Milk & Cream Co. Aetna Life Ins. Co.*, 216 P. 1109, 1110 (Mont. 1923). If an insurer's refusal to defend its insured proves unjustifiable, the insurer can be subjected to the full amount of any resulting judgment including defense costs and any amount in excess of any limits set forth in the policy. *Tidyman's*, 330 P.3d at 1149−50. *Tidyman's* made clear that an insurer can protect itself by continuing to defend its insured under a reservation of rights and contemporaneously filing a declaratory judgment action asking a court to discern independently whether coverage exists. *Id.*; *see also Palmer by Diacon v. Farmers Ins. Exch.*, 861 P.2d 895 (Mont. 1993); *Newman v. Scottsdale Ins. Co.*, 301 P.3d 348, 361 (Mont. 2013) (providing that the insurer could have sought a declaratory judgment that it had no duty to defend under the policy); *Farmers Union Mutual Ins. Co. v Staples*, 90 P.3d 381, 386 (Mont. 2004) (noting that insurer could have sought judicial determination that through a declaratory judgment action to determine whether coverage existed).

ANALYSIS

Baadsgaard argues that Gamas's failure to notify Safeco of Baadsgaard's state court complaint did not cause Safeco to suffer any prejudice.  Doc. 30 at 12−13.  Baadsgaard notes that Safeco investigated the incident in which Baadsgaard suffered injuries and determined that Gamas's automobile insurance policy did not provide coverage because Baadsgaard's injuries did not arise from an automobile accident.  Doc. 1 at 5.  Baadsgaard claims that nothing in the record suggests that Safeco would have changed its coverage decision if Gamas had notified Safeco of Baadsgaard's state court complaint.  *Id*.

Baadsgaard's analysis misconstrues the notice-prejudice rule.  The determination of prejudice does not hinge on whether an insurer would have changed its coverage determination had the insured notified the insurer of a lawsuit.  The determination of prejudice depends on whether an insurer suffered a material effect as a result of the insured's failure to comply with the notice provision of a liability insurance policy.  *Sorenson*, 927 P.2d at 1004.

Gamas's failure to notify Safeco of Baadsgaard's state law complaint necessarily prejudiced Safeco under the *Tidyman's-Steadele* factors.  Gamas deprived Safeco of the opportunity to locate witnesses, appoint counsel, engage in discovery, negotiate a settlement, and develop a trial strategy.  *See Steadele*, 260 P.3d at 151.  Gamas deprived Safeco of the opportunity to determine whether

coverage existed based on the allegations contained in the four corners of Baadsgaard's state law complaint.  *See Graber State Farm Fire and Cas. Co.*, 797 P.2d 214, 217 (Mont. 1990).  Most importantly, however, Gamas's failure to notify Safeco of Baadsgaard's state court complaint deprived Safeco of the opportunity to protect itself, as the Montana Supreme Court recommended in *Tidyman's*, by defending Gamas under a reservation of rights and filing a declaratory action judgment asking a court to discern independently whether Gamas's automobile insurance policy provides coverage.  *See Tidyman's*, 330 P.3d 1151; *Staples*, 90 P.3d at 386 (Mont. 2004).

The record, as detailed above, demonstrates that Gamas's violation of the notice provision in his automobile insurance policy caused Safeco to suffer prejudice.  *Id*.  Gamas's violation of his automobile insurance policy excused Safeco of its duty to defend or indemnify Gamas against Baadsgaard's state court complaint. Baadsgaard's claims in the present federal court complaint (Doc. 1.) fail as a matter of law.  Safeco's Motion for Summary Judgment (Doc. 21) is granted.

## ORDER

Accordingly, **IT IS ORDERED** that:

(1).  Safeco's motion for summary judgment (Doc. 21) is **GRANTED**.

- Baadsgaard's complaint (Doc. 1) is dismissed with prejudice.

(2).  Baadsgaard motion for summary judgment (Doc. 57) is **DENIED**.

Dated the 15th day of December 2020.

Brian Morris, Chief District Judge
United States District Court